# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK PEARSON, | Civil No. 10-1745 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| CITY OF BIG LAKE, MINNESOTA, SEAN RIFENBERICK, *in his individual and official capacity*, and  SCOTT JOHNSON, *in his individual and official capacity*, | |
| Defendants. | |

Benjamin R. Elwood, Douglas L. Micko, and Lawrence P. Schaefer, **SCHAEFER LAW FIRM, LLC,** 220 South 6th Street, Suite 1700, Minneapolis, MN 55402, for plaintiff.

Julie A. Fleming-Wolfe, **FLEMING-WOLFE LAW OFFICE**, 1922 Grand Avenue, St. Paul, MN 55104, for defendants.

Defendants City of Big Lake, Sean Rifenberick, and Scott Johnson move to dismiss plaintiff Mark Pearson's claims under the Fair Labor Standards Act ("FLSA") and the Minnesota Whistleblower's Act ("MWA") as precluded by other litigation, and for failure to state a claim.  Because there is no final judgment on the merits in a related case, the Court stays the case pending the outcome of the litigation in *Pearson v. City of Big Lake*, Civ. No. 08-1370 (D. Minn. June 6, 2010), and denies defendants' motion to dismiss under Rule 12(b)(6).

## BACKGROUND

### I.   FACT SUMMARY

Plaintiff Mark Pearson was employed by the City of Big Lake, Minnesota, as a police officer, first as a patrol officer, then as a police sergeant, and finally as a patrol officer again, until August 25, 2008, the effective date of his resignation pursuant to a separation agreement.   Mark Pearson's brother, Todd Pearson, joined the City of Big Lake Police Department ("Department") in May 2005, where he worked until he was suspended on May 16, 2008.  Earlier, in August 2005, Mark Pearson was selected by defendant Sean Rifenbeck, Chief of the City of Big Lake Police Department ("Department") and the Big Lake City Council to be the Department's first police sergeant.

On or about January 2006, the Department received notification that Big Lake police officer Daniel Sherburne[1] was alleging violations of the FLSA committed by defendant Chief of Police Rifenberick.  The City hired Midwest Government Advisors to aid its investigation into Sherburne's claims.  The investigation included interviewing all Department employees with knowledge of facts relevant to Sherburne's accusations. Each member of the Department subsequently received a letter from City Administrator Scott Johnson advising that Rifenberick would be scheduling times for Department employees to meet with Midwest Government Advisors to give testimony related to the accusations.  Mark Pearson gave testimony in the FLSA investigation, after which he

---

[1] Plaintiffs variously refer to the officer who alleged the FLSA violations as "Sherburne" and "Shellum."

alleges that Rifenberick ended their friendship and began a course of conduct including harassment, violations of the FLSA, creation of a hostile work environment, and retaliation for comments, because of his testimony during the FLSA investigation.

In their consolidated complaint, Mark and Todd Pearson ("Pearsons") alleged that in the first three months of 2006 Rifenberick sent pornographic e-mails from his work e-mail address to an e-mail address he knew the Pearsons commonly used for work.  On July 3, 2007, the Pearsons asked to meet Scott Johnson, City Administrator of the City of Big Lake, to file formal misconduct complaints against Rifenberick for the pornographic e-mails they received, as well as for disparaging comments made by Rifenberick captured on a squad car video.  Johnson initially refused to accept the written complaints, but eventually accepted them on July 18, 2007.  On August 1, 2007, the Pearsons filed criminal complaints against Rifenberick for violations pertaining to sexual harassment, misconduct by a public official, and other criminal violations.

The Pearsons claim that following the filing of the criminal complaints, Rifenberick began a series of unlawful acts culminating in the demotion and suspension of Todd Pearson, and the demotion and resignation of Mark Pearson.  The acts included: reassignment to a smaller workspace than that used by junior officers, removal from various leadership and oversight roles within the Department, denial of access to Department resources, arbitrary diminishment of scores on performance evaluations, unreasonable orders such as refraining from sending e-mails or other correspondence to people outside the Department despite no such restriction being placed on others, an attempt to extend Todd Pearson's sergeant probationary period by six months, rejection

of shift requests allowing leave time for convalescence from line-of-duty injuries, obstructing Todd Pearson's attempt to receive compensation for devoting time to giving testimony in an internal investigation, and demotion of both Pearsons.

## II.    LITIGATION

### A.    Mark Pearson's Individual Complaint

Mark Pearson brought a complaint on April 22, 2010, seeking relief for retaliatory discharge[2] in violation of the FLSA and the MWA.  (Compl. ¶¶ 15-29, Docket No. 1.) Mark Pearson refers to this action as a "related matter" to a previously filed action, but gives no legal definition for this phrase in the context of the complaint.  Mark Pearson relies on the description of the various allegedly illegal and retaliatory acts contained in his consolidated complaint to support the claims in this complaint.  (*Id.* ¶ 12) ("these allegations [actions alleged in 08-1370] will not be repeated here.").

As further support for his claims, Mark Pearson alleges that defendants' justification for the termination of his employment, an investigation concluding that he wrote a letter to the editor of a local paper critical of Rifenberick and alleging that Rifenberick used the Driver Validation System for personal purposes, was a pretext masking a retaliatory motive for his termination in violation of the FLSA and MWA. Pearson also claims that because of the alleged retaliation and harassment by defendants, he agreed to "separate" from his position, allowing him to resign on April 28, 2008, the resignation becoming effective August 25, 2008.

---

[2] The parties consistently refer to this action as one for "constructive discharge."

### B.      Related Litigation

On May 19, 2008, Todd Pearson filed a complaint against the City of Big Lake, Minnesota, and against Sean Rifenberick and Scott Johnson in their individual and official capacities.  *Pearson v. City of Big Lake*, Civ. No. 08-1370 (D. Minn. 2008).  On June 12, 2008, Mark Pearson filed a complaint on largely the same grounds, against the same defendants, requesting the same relief.  *Pearson v. City of Big Lake*, Civ. No. 08-2218 (D. Minn. 2008).  Andrew Rick filed a complaint against the same defendants for many of the same claims and relief less than a month later on July 1, 2008.  *Rick v. City of Big Lake*, Civ. No. 08-4217 (D. Minn. 2008).  The three cases were consolidated on September 9, 2008.  (Civ. No. 08-1370, Docket No. 12.)

On April 13, 2010, the Pearsons and Andrew Rick moved for leave to amend their consolidated complaint, including a request to add a claim for punitive damages.  (Mot. to Am. Compl., Civ. No. 08-1370, Docket No. 51.)  Plaintiff Mark Pearson also sought to amend the consolidated complaint to add a constructive discharge claim.  Magistrate Judge Franklin L. Noel denied the motion, finding that Mark Pearson had not demonstrated good cause to amend the pretrial schedule more than a year and a half after the September 1, 2008 deadline to amend pleadings when no newly discovered evidence was asserted.  (Order, Civ. No. 08-1370, Docket No. 63.)  Plaintiffs Mark and Todd Pearson appealed the Magistrate Judge's Order on June 18, 2010, while Rick resolved his claims and filed a Stipulation of Dismissal.  (Pls.' Mem. of Law in Supp. of Appeal, Civ. No. 08-1370, Docket No. 66; Stip., Civ. No. 08-1370, Docket No. 64.)  However, Mark

Pearson did not appeal the part of the order denying leave to amend to add a claim for constructive discharge, instead filing the present action.

## DISCUSSION

## I.      STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in the light most favorable to the non-moving party.  *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility" and, therefore, must be dismissed. *Id.* (internal quotation marks omitted).

**II.     MOTION TO DISMISS**

There are two grounds on which defendants argue the claims against them should be dismissed: (1) res judicata and/or claim splitting; and (2) failure to state a claim upon which relief can be based.

**A.     Preclusive Effect of Other Actions**

**1.     Res Judicata**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir. 2002).  The test applied to determine whether res judicata bars litigation of a claim is: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the judgment was a final judgment on the merits; and (3) whether the same cause of action and same parties or their privies were involved in both cases.  *Id.*  Both parties acknowledge there has not yet been a final judgment in the first lawsuit, which presents largely the same facts and asks for similar relief (though on a different basis).  Since the existence of a final judgment on the merits is a prerequisite to the application of res judicata, the Court finds that res judicata does not presently apply.

**2.     Claim Splitting**

Claim splitting involves bringing two lawsuits with slightly different theories of recovery.  Minnesota courts have long held that a party to litigation may not split a cause

of action.[3]   *Charboneau v. Am. Family Ins. Co.*, 481 N.W.2d 19, 21 (Minn. 1992). Minnesota courts distinguish between claim splitting and the related doctrine of res judicata based on the nature of the relief sought by the party asserting claim splitting. *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W. 2d 209, 222 (Minn. 2007). "Where a dismissal with prejudice is sought, claim splitting supports that remedy *only* if the elements of res judicata are also present." *Id.* (emphasis added).  However, where a dismissal without prejudice or a stay is sought, "claim splitting may be considered as an abatement defense even though the elements of res judicata are not present" when it appears there are two pending causes of action involving the same facts.  *Id.*  The fundamental distinction is that a decision abating an action does not bar a future action on the same case.

Mark Pearson concedes that he has split his cause of action by filing this second lawsuit.  The question presented to the Court is the appropriate relief.  Mark Pearson asks for a stay pending the outcome of the related litigation, while defendants contend that a dismissal without prejudice accomplishes what they consider the inevitable dismissal of the case in another court.

A dismissal without prejudice in this case will have the same preclusive effect as a dismissal *with* prejudice because the complaint was filed shortly before the expiration of the statute of limitations.  Thus, if the case is dismissed without prejudice, the limitations period will have run and Mark Pearson will not be able to re-file.  *See DeMars v. Robinson King Floors, Inc.*, 256 N.W.2d 501, 505 (Minn. 1977) ("[I]f a claim is

---

[3] The parties do not dispute that Minnesota law applies to the issue of claim splitting.

dismissed without a determination on the merits, the result is the same as if it had never been filed and the statute of limitations had never been tolled."); *see also Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995) ("[A] dismissal without prejudice does not toll a statute of limitations . . . once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed.").  Defendants fail to present any authority, or any argument, that dismissal without prejudice (as opposed to a stay) is required, other than its "inevitability."

The Court determines that claim splitting has occurred in this case, as Mark Pearson attempted to file the same claims in the consolidated case, and is relying on the same factual circumstances.  Mark Pearson is using the same facts to assert slightly different causes of action, and if he had sought to amend the consolidated complaint in a timely fashion this litigation would likely have been unnecessary.  The Court further finds that a dismissal with prejudice will cause Mark Pearson's action to be barred by the statute of limitations, preventing re-filing.  A stay will allow the issues in the consolidated case to be fully developed, after which the parties will have the opportunity to argue that this entire claim is precluded by the earlier judgment, or that there are legitimate, independent grounds for Mark Pearson's individual complaint.

Because there is no final judgment on the merits of a related case, and because a stay will allow Mark Pearson to re-file his case if the outcome of related litigation does not fully dispose of the issues in his individual complaint, the Court stays this case pending the outcome of the consolidated litigation.

### B.      Failure to State a Claim

Defendants argue that Mark Pearson failed to state a claim of constructive discharge in violation of the applicable standards and seek dismissal with prejudice on that basis.  Fed. R. Civ. P. 12(b)(6); *Iqbal*, 129 S. Ct. at 1949.  Defendants' chief concern with the complaint is that "[b]esides stating facts regarding the existence of the first lawsuit and his purpose in filing the present lawsuit, Pearson merely repeats the elements of constructive discharge . . . without stating allegations to support a plausible claim of constructive discharge."  (Defs.' Mot. to Dismiss at 7, Docket No. 8.)

Mark Pearson's complaint essentially incorporates by reference the amended complaint from the consolidated case, and specifically acknowledges he will not restate the facts from that complaint.  The applicable standard for a pleading under Rule 8 is that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Twombly*, 550 U.S. at 555).  The following facts are included as the factual basis for the complaint in this case:

- Mark Pearson initiated litigation against the Defendants, which litigation was consolidated with complaints by other Big Lake Police Officers.

- Pursuant to a separation agreement executed by Mark Pearson and the City of Big Lake he agreed to resign from his employment.

- Prior to agreeing to the resignation, Mark Pearson was informed that the Big Lake City Council was going to terminate his employment based on the recommendation of Sean Rifenberick and Scott Johnson.

- Mark Pearson filed a motion to amend in 08-1370 seeking to amend the consolidated complaint to include allegations that the retaliatory acts covered by the claims include Pearson's termination from employment.

- The recommendation to terminate Mark Pearson's employment was a continuation of the retaliatory actions alleged in detail in 08-1370.

- Mark Pearson agreed to separate from his position because of the persistent and intolerable retaliation and harassment by defendants detailed in 08-1370.

- But for the retaliatory treatment he suffered from defendants and the intolerable work environment created thereby, Mark Pearson would not have left the Big Lake Police Department.

(Civ. No. 10-1745, Compl. ¶¶ 7-14, Docket No. 1.)

Were there no other relevant litigation, defendants' position that the complaint fails to state a claim upon which relief can be granted may have merit.  However, within the context of all cases in which the parties are involved with each other, sufficient facts have been pled to allow the court to draw a reasonable inference that defendants are liable for the misconduct alleged.  *See Iqbal*, 129 S. Ct. at 1949.  Mark Pearson alleged a variety of retaliatory and harassing acts in both the consolidated complaint and his initial complaint before the cases were consolidated, and defendants filed answers to both complaints responding to all the factual allegations therein.

Accordingly, defendants had fair notice of the facts relevant to the claims in this case.  Though defendants have argued in the context of Mark Pearson's proposed amendment to the consolidated complaint that additional fact discovery would be required to prove a constructive discharge claim, sufficient facts have been pled, acknowledged and disputed by both parties to defeat a Rule 12 motion to dismiss for

failure to state a claim.  Dismissing the case on Rule 12 grounds would disregard the reality (both parties are aware of facts directly relevant to the present complaint through previous litigation) for a technicality (the lack of specificity in Mark Pearson's latest complaint).  *See Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.,* 967 F. Supp. 1148, 1152 (D. Minn. 1997) (noting that courts may consider documents that complaints "incorporate by reference").

Because the parties are involved in multiple cases with each other relating to the same factual circumstances, and because the present complaint refers to facts and circumstances with which defendants and the Court are familiar with, the Court denies the defendants' motion to dismiss.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [Docket No. 6] is **DENIED** and the case is stayed pending the outcome of *Pearson v. City of Big Lake*, Civ. No. 08-1370 (D. Minn. June 6, 2010).


DATED:  March 25, 2011
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge